IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RICHARD VOGLER**, | ) |
|       Plaintiff, | ) CASE NO. _____ |
| v. | ) **COLLECTIVE AND CLASS ACTION** |
| **R S EXPEDITING LLC**, – and – | ) **COMPLAINT** |
| **RICHARD A. SMITH**, – and – | ) **JURY DEMAND ENDORSED HEREON** |
| **WATCO COMPANIES LLC**, | ) |
|       Defendants. | ) |

Plaintiff Richard Vogler, by and through counsel, for his Complaint against Defendants R S Expediting LLC (Defendant R S Expediting), Richard A. Smith (Defendant Smith), and Watco Companies LLC (Defendant Watco) (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (FLSA); and Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law) and § 4113.15 (Ohio Prompt Pay Act or OPPA) (collectively the Ohio Wage Laws). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA.

2. Plaintiff brings this case as a collective action on behalf of himself and other "similarly situated" persons who have joined or may join this case pursuant to § 216(b) ("the Opt-Ins").

1

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who performed work for Defendants in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant, Plaintiff has been a citizen of the United States, and has performed compensable work for Defendants within this district and division. Plaintiff's written consent to join is attached as **Exhibit A**.

8. Defendant R S Expediting is an Ohio limited liability company, with its principle place of business located in Sheffield Village, Ohio (Richland County). Defendant R S Expediting can be served through its registered agent: Richard A. Smith, at 5301 Cameron Court, Sheffield Village, OH 44054.

9. Defendant Smith is an individual who owns and operates Defendant R S Expediting. Defendant Smith can be served at his residence of 1228 Linwood Ave. SW, North Canton, OH 44720.

10. Defendant Watco is a for-profit Delaware corporation registered to do business in Ohio. Defendant Watco can be served through its registered agent: Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH 43215.

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

11. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Wage Laws.

12. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendant Watco holds itself out as "a Pittsburg, Kansas, based transportation company providing transportation, terminal and port, supply chain, and mechanical solutions for Customers throughout North America and Australia." Defendant Watco "serves final mile" delivery and "provides a link between the Staples fulfillment center and the Staples end customer." Defendant Watco "exclusively utilizes a network of independent contractors to deliver Staples product, each of which go through a rigorous screening process prior to being offered a contract." Defendant Watco "unload[s], sort[s], scan[s], and stage[s] trailers of Staples freight," and "then coordinate[s] contracted resources to scan, load, and deliver Staples product in Staples branded uniforms."[1]

14. Defendant R S Expedite and Defendant Smith contract or contracted with Defendant Watco to provide local delivery services.

---

[1] http://blog.watcocompanies.com/2019/07/watco-supply-chain-services-serves-final-mile-for-staples-office-supplies/ (last viewed 7/13/2020).

15. Defendants jointly employed Plaintiff and those similarly situated as local delivery drivers to carry out tasks that are integral parts of Defendants' business.

16. Plaintiff was jointly employed by Defendants R S Expedite and Smith from approximately October 2017 to June 19, 2020. He was jointly employed by Defendants R S Expedite, Smith, and Watco from approximately January 2020 to June 19, 2020.

17. At all relevant times, Plaintiff and those similarly situated were "employees" of Defendants; however, Defendants misclassified Plaintiff and those similarly situated as independent contractors.

18. The primary duties of Plaintiff and those similarly situated consisted primarily of non-exempt work. For example, they started their workday by performing pre-trip inspections of their delivery vehicles. They then drove to a Watco warehouse to sort and load packages, and scan packages with their phones.

19. Defendant Watco required a certain phone app to be used by Plaintiff and those similarly situated.

20. Defendant Watco shared operational control, along with Defendants R S Expedite and Smith, over significant aspects of the day-to-day functions of Plaintiff and others similarly situated, including supervising and controlling schedules and conditions of employment. For example, Defendants R S Expedite and Smith made assignments, and Defendant Watco set the routes and provided the manifests.

21. Additionally, once Plaintiff and those similarly situated scanned the first item of the day, they were in the system for Defendant Watco. Plaintiff and those similarly situated were then required to text their daily stop times to employees or agents of Defendant Watco.

22. Plaintiff and those similarly situated also communicated with employees or agents of Defendant Watco concerning things such as customer requests, order changes, and other things related to their assigned routes.

23. Defendants shared authority to hire, fire and discipline employees, including Plaintiff and others similarly situated. For example, Defendant Watco performs background checks, can deny employment, and fire drivers for poor workmanship or bad attitudes.

24. Defendants shared authority to set rates and methods of compensation of Plaintiff and others similarly situated. For example, the compensation paid to Plaintiff and others similarly situated was determined by Defendants RS Expedite and Smith, and to be based, at least in part, on routes set by Defendant Watco. Further, Plaintiff and those similarly situated were to be paid $1 per package delivered but were typically paid approximately $500 per week regardless of the numbers of packages delivered and regardless of the number of hours worked.

25. Defendants shared control and maintenance of employment records. For example, Defendant Watco controlled routes, manifests, and findings from background checks; and Defendants R S Expedite and Smith controlled other records such as personnel files.

26. Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

27. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

28. Defendants shared the services of Plaintiff and others similarly situated.

29. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

**Plaintiff and Those Similarly Situated as Employees**

30. Plaintiff and those similarly situated were economically dependent upon Defendants.

31. Plaintiff and those similarly situated did not need specialized skill or receive any specialized training in order to perform their primary duties for Defendants.

32. The profits and earnings of Plaintiff and those similarly situated did not increase or decrease because of initiative, judgment, or foresight; and their opportunity for profit or loss was not dependent on their management skills or unique specialization.

33. Plaintiff and those similarly situated did not make significant investments in equipment or materials. For example, Plaintiff and those similarly situated were provided their delivery vehicles by Defendants R S Expedite and Smith. These delivery vehicles had a Gross Vehicle Weight Rating of 10,000 pounds or less. Therefore, in addition to being local drivers, Plaintiff and those similarly situated are not exempt from the FLSA or Ohio Wage Laws under the commonly called Motor Carrier Act exemption by operation of the small vehicle exception.

34. Plaintiff and those similarly situated were not required to have their own office space or engage in their own independent advertising as it relates to work performed as employees of Defendants.

35. Defendants prohibited Plaintiff and others similarly situated from working for any other employers.

36. Additionally, Plaintiff and those similarly situated worked sufficient hours for Defendants that it was practically impossible for them to work for other employers.

37. At all relevant times, Defendants had the right of control and did in fact control the manner in which Plaintiff and those similarly situated performed their work for Defendants.

38. At all relevant times, Defendants jointly controlled the work, routes, compensation, and other working conditions of Plaintiff and those similarly situated.

39. Defendants required Plaintiff and those similarly situated to wear uniforms, such as shirts with company logos.

## Unpaid Overtime

40. Plaintiff and those similarly situated regularly worked more than 40 hours per workweek, entitling them to overtime compensation under the FLSA and the Ohio Overtime Law.

41. Having misclassified Plaintiff and those similarly situated, Defendants did not pay them one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

42. Defendants willfully violated the FLSA and the Ohio Wage Laws by misclassifying the FLSA Collective Members as independent contractors and by not paying Plaintiff overtime compensation at a rate of one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following two collective:

> **All present and former delivery drivers who drove vehicles with a Gross Vehicle Weight Rating of 10,000 pounds or less, who performed work for Defendant R S Expedite, Defendant Smith, and Defendant Watco, and who worked more than 40 hours in a workweek during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective").**

45. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were delivery drivers of Defendants, all were subjected to and injured by Defendants'

unlawful practices of misclassifying the FLSA Collective Members as independent contractors and failing to pay them overtime compensation for hours worked in excess of 40 in a workweek.

46. The FLSA Collective Members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

47. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

48. Plaintiff cannot yet state the exact number of similarly situated persons, but estimates approximately 100 to 200 in Ohio alone, during the relevant time period. Such persons are readily identifiable through the payroll records that Defendants are presumed to have maintained and were required to maintain pursuant to the FLSA and the Ohio Wage Laws.

49. To the extent Defendants failed to keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

50. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and the following class of current or former delivery drivers employed by Defendants in Ohio, defined as:

> **All present and former delivery drivers who drove vehicles with a Gross Vehicle Weight Rating of 10,000 or less, who performed work for Defendant R S Expedite, Defendant Smith, and Defendant Watco in Ohio, and who worked more than 40 hours in a workweek during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Class").**

51. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendants'

8

records if kept, but estimates that it is approximately 100 to 200 individuals within the relevant time period.

52. There are questions of law or fact common to the Ohio Class including: whether Defendants misclassified the Ohio Class Members as independent contractors, whether Defendants' practices in Ohio resulted the Ohio Class Members not being paid overtime wages, and whether such wages remain unpaid.

53. Plaintiff will adequately protect the interests of the Ohio Class Members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

54. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

55. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

58. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

59. Defendants had a companywide policy of misclassifying Plaintiff and the Opt-Ins as independent contractors rather than employees.

60. Defendants had a companywide policy of failing to pay Plaintiff and the Opt-Ins overtime compensation for hours worked in excess of 40 in a workweek.

61. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

62. As a result of Defendants' joint violations of the FLSA, Plaintiff and those similarly situated were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 16(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 16(b) of the FLSA further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

63. As a result of Defendants' practices, Plaintiff and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

66. Defendants are individual and joint "employers" covered by the overtime requirements set forth in the Ohio Overtime Law.

67. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

68. As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek but were not paid overtime compensation for hours worked in excess of 40.

69. Defendants had a companywide policy of misclassifying Plaintiff and the putative Ohio Class Members as independent contractors rather than employees.

70. Defendants had a companywide policy of failing to pay Plaintiff and the putative Ohio Class Members overtime compensation for hours worked in excess of 40 in a workweek.

71. Plaintiff and others similarly situated were not exempt under the Ohio Wage Laws.

72. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek in violation of the Ohio Overtime Law.

73. Additionally, the OPPA requires Defendants to pay Plaintiff and Ohio Class all wages, including overtime, on or before the first day of each month, for wages earned by them

during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

74. During relevant times, Plaintiff and the Ohio Class were not paid all wages, including overtime wages at one and one-half times their regular rates within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

75. Plaintiff's and the Ohio Class' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

76. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater

77. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

78. As a result of Defendants' practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

79. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b); and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements; and

F. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:  (614) 824-5770
Facsimile:  (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:  (330) 470-4428
Facsimile:  (330) 754-1430
Email: hans@ohlaborlaw.com
          sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Counsel for Plaintiff
