UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD VOGLER, ) | Case No. 1:20-CV-01560 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| R S EXPEDITING LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# ORDER

The Parties filed a Joint Motion for Approval of Settlement and Release pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).  The motion asks the Court to approve, as fair and reasonable, the proposed settlement the Parties reached and memorialized in the Settlement and Release Agreement.  A redacted copy of the Agreement was attached to the motion as Exhibit A, and the parties submitted a complete, unredacted version to the Court for review.  For the reasons that follow, the motion is GRANTED.

As more fully set forth in the record and the parties' moving papers, Plaintiff Richard Vogler filed a complaint against Defendants, R S Expediting LLC, R S Transportations Group LLC, Richard Smith, Watco Companies LLC, and Watco Supply Chain Services LLC on July 15, 2020.  Plaintiff asserted collective claims under the under the FLSA, 29 U.S.C. §§ 201, *et seq.*, Section 4111.03 of the Ohio Revised Code, and the Ohio Prompt Pay Act, under Section 4113.15 of the Ohio Revised Code.

Plaintiff and Opt-in Plaintiff John Wolverton allege that Defendants did not properly compensate them.  Specifically, they allege that they are due unpaid overtime compensation under

1

the FLSA. Defendants deny Plaintiff and Opt-in Plaintiff's allegations, but nevertheless entered into this Settlement Agreement to avoid protracted litigation.

Based on the record and its discussions with counsel, the Court is satisfied that, during the negotiation process, each party thoroughly assessed the other's legal and factual positions, produced evidence, witnesses, claims, potential counterclaims, and defenses. After the parties engaged in good-faith, arm's length negotiations, the parties settled on an individual basis for Named Plaintiff Vogler and Opt-in Plaintiff John Wolverton. Defendants agree that the Settlement Agreement is fair, adequate, and reasonable. The Settlement Agreement resolves all disputes between the parties.

In addition, pursuant to Section 216(b) of the FLSA, "the court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Here, the Settlement Agreement provides for individual payments to each Plaintiff, and the payment of attorneys' fees and litigation costs. The record reflects that Plaintiffs' counsel invested significant time and resources representing Plaintiffs in this matter. Further, Defendants agree to the payment of attorneys' fees and costs and join this motion for approval of the Settlement Agreement.

Having reviewed the motion, the Declarations of Plaintiffs' counsel Robi J. Baishnab (an unredacted version was submitted to the Court) and Anthony Lazzaro attached as Exhibits C and D to the motion, and the pleadings and papers on file, and after scrutinizing the settlement for fairness, the Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute and satisfies the standard for approval under the FLSA. Therefore, the Court approves the Settlement Agreement and Release, and orders that the Settlement be implemented according to the terms and conditions of that Agreement.

The Court dismisses the claims of Plaintiffs with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order and Final Judgment forthwith.

For these reasons, the Court GRANTS the parties' joint motion and approves the Settlement Agreement. The Court retains jurisdiction over this action to enforce the terms of the Settlement Agreement.

**SO ORDERED.**

Dated: February 1, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio